**STATE INDUSTRIES, INC., Appellee,**

v.

**RHEEM MANUFACTURING COMPANY, Appellant.**

**Appeal No. 84–1438.**

United States Court of Appeals, Federal Circuit.

Aug. 2, 1985.

George P. McAndrews, Allegretti, Newitt, Witcoff & McAndrews, Ltd., of Chicago, Illinois, argued for appellant. With him on the brief were Jon D. Nelson, Timothy J. Malloy and Jerry A. Riedinger, Chicago, Ill.

Paul R. Puerner, Michael, Best & Friedrick, of Milwaukee, Wisconsin, argued for appellee. With him on the brief was Glenn A. Buse, Milwaukee, Wis.

Before MARKEY, Chief Judge, RICH, Circuit Judge, and COWEN, Senior Circuit Judge.

RICH, Circuit Judge.

This appeal is from the May 31, 1984, Order of the District Court for the Middle

District of Tennessee, Nashville Division, which held Nozaki U.S. patent No. 4,165,-963 ('963) for HOT WATER HEATER BURNER ASSEMBLY, assigned to Rheem Manufacturing Company (Rheem), invalid and unenforceable. The holding of invalidity, based on 35 U.S.C. § 103, is *affirmed,* and the holding of unenforceability based on the ground of inequitable conduct and the award of attorney fees to State Industries, Inc. (State) are *reversed.**

## OPINION

### *Validity*

■ The district court found the difference between State's 1969 burner and the claimed burner to be that the claimed burner employs a flat bracket without walls, or, as it is called in the claims, a "horizontal, planar platform surface member." Such a bracket was found by the district court in State's 1971 burner. The district court found that the combined teachings of the two State burner assemblies clearly disclosed all of the claimed elements and rendered the claims obvious as the "natural evolution of the prior art."

Rheem argues that the district court failed to make the factual findings required by § 103 and reiterated in *Graham v. John Deere Co.,* 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, 148 USPQ 459 (1966). Rheem also argues that there was no suggestion or incentive for combining the teachings of the two assemblies. Finally, Rheem argues that the district court failed to consider the secondary considerations.

We are unpersuaded by Rheem that the district court improperly combined the teachings of the two burners manufactured by its competitor State on the grounds that one burner was a high-profile burner, while the other was a low-profile burner.

We are also not persuaded by Rheem that the district court failed to consider the secondary considerations. The fact that the district judge gave less weight to these factors than desired by Rheem is insufficient indication that they were *not considered.*

While the district court's reference to the "natural evolution" may have been unfortunate if intended as a new standard of patentability, which we think it was not, in the ultimate legal analysis it was harmless as Rheem has failed to persuade us that the district court erred as a matter of law in finding the '963 patent obvious according to § 103 standards. Appeals are from final judgments, not from opinions and all statements made therein.

Since we affirm the decision as to obviousness, we find it unnecessary to address the holding of anticipation.

### *Unenforceability*

Upon issuance of the '963 patent, Rheem notified State of infringement. State countered that the '963 patent was invalid for obviousness in view of State's 1969 burner assembly when combined with a "plate" from State's 1971 burner.

Rheem decided to disclose the 1971 burner to the Patent and Trademark Office (PTO), the 1969 burner having been disclosed during prior prosecution, and filed a "no defect" reissue application under the now repealed "Dann Amendments." 37 CFR 1.175(a)(4); *In re Dien,* 680 F.2d 151, 214 USPQ 10 (CCPA 1982). State filed a substantial protest setting forth its views on obviousness. The primary examiner considering the reissue application found:

> [I]t would not be obvious to one of ordinary skill in the art to combine the teachings of the C–1622–B [1971] Burner and the C–1230 [1969] Burner in addition to further modifications of the relationship of the specific horizontal burner platform to the specific flat top surface of the burner tube.
>
> . . . .
>
> The claims are rejected as being based on an improper reissue declaration since

---

* This opinion was originally issued as an unpublished opinion on March 5, 1985, and is being reissued as a published opinion on request, the

district court opinion having been published at 223 USPQ 305.

the declaration does not indicate *how and when* the reissue applicant became aware of the prior art [1971] Burner....

This decision, in effect, rejected Rheem's request that its patent be reissued for *two* reasons: 1) The 1971 burner was no more relevant than the prior art previously considered, and; 2) the declaration was improper. Neither of these "rejections" have any invalidating effect on the claims in issue as they go only to whether the PTO would accept or reject the reissue application.

Rheem cured the declaration rejection by filing a supplemental declaration stating in part, "applicant became aware of the prior art [1971] burner C–1622–B by a letter dated February 19, 1980 received from Paul Perner, counsel for State Industries, Inc."

The PTO accepted the declaration, and ultimately rejected the claims based on its earlier alternative rejection, stating, "The statutory requirement of 35 U.S.C. 251 does not authorize reissue of a patent unless the patent is deemed wholly or partially inoperative or invalid."

State argues, and the district court found, that the statement made by Rheem in its declaration as to how and when it became aware of the 1971 burner was false, constituting fraud, and justified an award of attorney fees to State.

Rheem admits that the declaration was incorrect, but argues that it was unintentional, classifying it as a "simple, immaterial, mistake." Rheem asserts that it submitted the 1980 date because it was on that date it received a *drawing* of the burner from State. Rheem acknowledges that the inventor of the '963 patent was aware of the State burner back in 1975. Moreover, Rheem argues that the declaration was immaterial to the PTO's final rejection of its reissue application because Rheem admitted that the burner was prior art and it was considered by the PTO, which ultimately maintained its earlier alternative rejection of the claims.

 Based on Rheem's arguments, we find that the district court was clearly erroneous in finding actual intent on the part of Rheem. On the other hand, the district court found, in the alternative, that Rheem was grossly negligent. We have not been persuaded by Rheem that this finding was clearly erroneous.

As to materiality, the examiner found the 1971 burner to be non-invalidating art. In other words, the burner itself was not highly material to the examiner's determination of patentability. Also, the declaration had *no substantive effect* on the examiner's decision not to reissue the patent and was therefore not material to the PTO's final determination.

In this situation, we hold that the degree of materiality and intent are insufficient in law to support a legal conclusion of inequitable conduct. *Kimberly-Clark Corp. v. Johnson & Johnson*, 745 F.2d 1437, 223 USPQ 603 (1984). Without the inequitable conduct, the basis for finding this to be an exceptional case has been removed and with it the ground for awarding attorney fees.

AFFIRMED IN PART AND REVERSED IN PART.